(916 P.2d 730)
No. 72,538

MICHELLE SHIRLEY, *Appellee,* v. U. DUANE SMITH, M.D., *Appellant.*

Opinion filed May 24, 1996.

*Thomas M. Sutherland* and *Brent G. Wright,* of Holbrook, Heaven & Fay, P.A., of Kansas City, for appellant.

*Rene S. Young* and *Gary D. Denning,* of Denning & Young, LLC, of Salina, for appellee.

Before BRAZIL, C.J., ELLIOTT and RULON, JJ.

ELLIOTT, J.: In this tragic medical negligence case, the jury returned a verdict of $457,000 in favor of plaintiff Michelle Shirley. Defendant Dr. U. Duane Smith appeals, claiming the trial court erred in admitting evidence and in allowing plaintiff to claim economic damages for her loss of time spent in catheterizing herself.

We reverse and remand for a new trial.

Plaintiff was referred to defendant for a bone marrow aspiration. Plaintiff contends defendant negligently punctured her spinal canal, resulting in permanent damage to her bowel and bladder. Plaintiff now is unable to completely empty her bladder and must catheterize herself about every 4 hours, spending a total of about an hour per day in this process. Apparently, plaintiff will have to self-catheterize for the rest of her life.

As part of the verdict, the jury awarded plaintiff $135,000 for future economic loss (including loss of time).

Plaintiff filed a cross-appeal, but has not briefed any issue as a cross-appellant. We deem the cross-appeal abandoned.

Defendant first argues the trial court abused its discretion in admitting evidence of proceedings before the Board of Healing Arts (BOHA). BOHA suspended defendant's license to practice for 60 days and prohibited him from performing bone marrow aspirations for 1 year. BOHA also publicly censured defendant for providing false information in applying for privileges at two hospitals.

At trial, the court admitted this evidence, ruling that BOHA believed the public was entitled to know of the procedures. The BOHA orders contain conclusions regarding the ultimate fact issues before the jury. Defendant alleges their prejudicial effect far outweighed any probative value. See K.S.A. 60-445.

No statute directly addresses whether evidence of BOHA proceedings is admissible, but two statutes must be mentioned. K.S.A. 65-4904(c) provides that the decision of a medical malpractice screening panel is admissible in a subsequent civil suit. While the legislature expressly provided for the admissibility of screening panel reports, it has not provided for BOHA reports.

The second statute needing consideration is K.S.A. 65-4915(b), which provides that reports and findings of peer review committees are not discoverable and not admissible in judicial proceedings. While K.S.A. 65-4915 does not apply to the present case, it does show that the legislature knows how to make evidence regarding medical malpractice inadmissible as well as admissible.

With respect to the present case, the legislature simply did not provide one way or another for the admissibility of BOHA findings in later civil suits. Accordingly, we are left with the balancing test provided for in K.S.A. 60-445. See *Powers v. Kansas Power & Light Co.*, 234 Kan. 89, 101, 671 P.2d 491 (1983).

Here, BOHA's public censure of defendant for providing false information in his applications for staff privileges at numerous hospitals had nothing to do with defendant's care of plaintiff. At least with respect to the BOHA censures having nothing to do with the hospital in question and nothing to do with the issue of defendant's care of plaintiff, we cannot rule the admission was harmless error.

Plaintiff's case was strong, but not overwhelming. Defendant did present the testimony of two doctors who testified he could not have punctured plaintiff's spinal column. Accordingly, we must reverse and remand for a new trial. At the new trial, whether the BOHA findings with respect to defendant's conduct in plaintiff's case and his prohibition from performing further bone marrow aspirations are admissible is left to the trial court's discretion under K.S.A. 60-455.

Defendant also argues the trial court erred in allowing the jury to award plaintiff economic damages for her loss of time spent self-catheterizing. Defendant contends "loss of time" in PIK Civ. 2d 9.01 and PIK Civ. 2d 9.012 (1995 Supp.) refers to an impairment of earning capacity.

Here, plaintiff testified she can self-catheterize during her "off" time or "leisure" time—before work, during lunch, and after work. Defendant argues, therefore, that the time lost while self-catheterizing is a loss of enjoyment of life or an inconvenience, which is *not* economic damage. We agree.

Loss of time prior to trial and decreased earning capacity after trial are both recoverable as "loss of time." See *Dyer v. Keith*, 136 Kan. 216, 219, 14 P.2d 644 (1932). Loss of time is tied to a plaintiff's earning capacity. 22 Am. Jur. 2d, Damages §§ 151, 153.

In *Samsel v. Wheeler Transport Services, Inc.*, 246 Kan. 336, 352, 789 P.2d 541 (1990), our Supreme Court explained the difference between economic and noneconomic damages:

"Economic damages include the cost of medical care, past and future, and related benefits, *i.e., lost wages, loss of earning capacity,* and other such losses. Noneconomic losses include claims for pain and suffering, mental anguish, *injury and disfigurement not affecting earning capacity,* and losses which cannot be easily expressed in dollars and cents." (Emphasis added.)

Since plaintiff testified she could catheterize herself during "off" time and did not testify that task interfered with her earning capacity in any way, her "loss of time" cannot be claimed as economic damages. Rather, it properly falls under the noneconomic category that includes loss of enjoyment of life, pain and suffering, and disability. See *Leiker v. Gafford*, 245 Kan. 325, 340, 778 P.2d

823 (1989) (loss of enjoyment of life is a component of pain and suffering but not a separate category of nonpecuniary damages).

Plaintiff's claim for loss of time spent self-catheterizing must be included in her claim for noneconomic damages; it cannot be recovered as economic damages or loss.

Reversed and remanded for a new trial.